UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IRMA DURAL | * | CIVIL NO. 6:16-0981 |
| VERSUS | * | JUDGE DOHERTY |
| USA, ET AL | * | MAGISTRATE JUDGE WHITEHURST |

REPORT AND RECOMMENDATION

Currently pending before the undersigned magistrate judge, on referral from the district judge, is the Motion to Dismiss Improper Party Defendants filed by defendant, the United States of America ("USA"), on August 19, 2016. [rec. doc. 3]. Plaintiff, Irma Dural ("Dural"), filed opposition on September 9, 2016. [rec. doc. 8]. The USA filed a reply on September 20, 2016. [rec. doc. 11]. Oral argument was held on October 19, 2016, after which, the motion was taken under advisement.

For the following reasons, the undersigned recommends that defendant's motion be **GRANTED**.

*I. Background*

Dural brought an action under the FTCA, 28 U.S.C. §§ 1346(b), 2671, alleging medical malpractice against Drs. Andrew Salem ("Salem") and Candace Collins ("Collins") of the U.S. Department of Veterans Affairs ("VA"). She alleges that she sustained injuries to her right eye and cornea during an aborted LASIK surgery performed on May 28, 2015 by Dr. Salem, a Tulane University School of Medicine ophthalmology resident who was temporarily assigned to the VA Medical Center in Alexandria, Louisiana, on an uncompensated basis. Dr. Collins, who was a part-time VA ophthalmologist, was overseeing Dr. Salem during the operation.

Dural presented her claim against the VA in Form 95 administrative claims on July 31, 2015. [Complaint, ¶ 6]. On January 6, 2016, her claim was denied. [Complaint, ¶ 7]. She filed her Complaint in this Court on July 5, 2016.

On August 19, 2016, the USA filed the instant Motion to Dismiss the doctors on the grounds

that the USA is the only proper party defendant under the FTCA.  [rec. doc. 3].

## II. Standard for Motion to Dismiss

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case.  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.  *Id*. (*citing Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)).  The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction.  *Id*.  Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist.  *Id*.

In examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact which may be in dispute.  *Id*.; *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).  A motion under 12(b)(1) should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief.  *Hooks v. Landmark Industries, Inc*., 797 F.3d 309, 312 (5th Cir. 2015) (*citing Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss*., 143 F.3d 1006, 1010 (5th Cir. 1998)).  "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."  *Home Builders*, 143 F.3d at 1010 (*quoting Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)).

## III. Law and Analysis

Dural's claims are asserted against the USA pursuant to the limited waiver of sovereign immunity provided by the FRCA, 28 U.S.C. §§ 1346(b), 2671, *et seq*.  Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.  *F.D.I.C. v. Meyer*, 510 U.S. 471, 475, 114 S.Ct. 996, 1000, 127 L.Ed.2d 308 (1994); *City of Alexandria v. Fed. Emergency Management*

*Agency*, 781 F.Supp.2d 340, 346 (W.D. La. 2011) (Hicks, J.). The doctrine of sovereign immunity is jurisdictional in nature. *Meyer*, 510 U.S. at 475, 114 S.Ct. at 1000.

It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction. *City of Alexandria*, 781 F.Supp. at 346 (*citing U.S. v. Mitchell*, 463 U.S. 206, 212, 103 S.Ct. 2961, 2965, 77 L.Ed.2d 580 (1983)). The burden is on plaintiffs to show such consent, because they are the parties asserting federal jurisdiction. *Id*. at 346. Consent to be sued does not extend to the acts of independent contractors working for the Government. *Peacock v. United States*, 597 F.3d 654, 659 (5th Cir. 2010) (*citing Broussard v. United States*, 989 F.2d 171, 174 (5th Cir.1993)).

The USA seeks dismissal of plaintiff's claims against Drs. Salem and Collins on the grounds that the USA is the only proper party defendant under the FTCA.

28 U.S.C. § 2679 (b)(1) of the FTCA provides as follows:

> The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee. *Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred*.

(emphasis added). 28 U.S.C.A. § 2679.

The Federal Employees Liability Reform and Tort Compensation Act of 1988 (commonly known as the Westfall Act) provides that an action against the United States pursuant to the FTCA shall be the *exclusive* remedy for torts committed by government employees in the course of their employment. (emphasis added). *Operation Rescue Nat. v. United States*, 975 F.Supp. 92, 100 (D. Mass.1997), *aff'd*, 147 F.3d 68 (1st Cir. 1998), *cert. denied*, 119 S.Ct. 866 (1999). If the individual defendants are found to have been acting in the scope of their employment, the United States is

automatically substituted for the defendants, who are then dismissed from the action pursuant to the Westfall Act.  *Rodriguez v. Sarabyn*, 129 F.3d 760, 764 (5th Cir. 1997).

Dural does not dispute that the FTCA provides the exclusive remedy against the USA for the negligent acts of its employees.  [rec. doc. 8, p. 2].  However, Dural requests that discovery be allowed on the determination of employee versus independent contractor status, particularly as to Dr. Salem.

The FTCA defines an employee of the government as follows:

> Employee of the government includes (1) officers or employees of any federal agency, members of the military or naval forces of the United States, members of the National Guard while engaged in training or duty under section 115, 316, 502, 503, 504, or 505 of title 32, and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, *whether with or without compensation* . . .

28 U.S.C. § 2671.

In the Petition, Dural pled that Drs. Salem and Collins were acting "in the course and scope of their employment with defendant United States of America," and that they were federal "employee[s]" [Petition, ¶¶ 1, 20, 21].  The USA does not contest this assertion.  [rec. doc. 3, p. 3].  In fact, the USA admitted that these defendants were acting within the scope of their employment in its Answer.  [rec. doc. 4, Answer, ¶¶ 1, 20].

To support its assertion that Drs. Salem and Collins were federal employees, the USA produced documentation, including a Standard Form 50 Document confirming Dr. Collins' status as a part-time employee at the VA [rec. doc. 3, Exhibit C], and a letter from the VA to Dr. Salem confirming that he was assigned to the Alexandria VA as a medical resident [rec. doc. 3, Exhibit B].  At the hearing, Dural conceded that Dr. Collins is an employee for purposes of the FTCA. Thus, the only remaining issue is whether Dr. Salem is an employee within the meaning of the Act.

According to the letter from the VA dated April 27, 2015, Dr. Salem was assigned to the VA's Alexandria, Louisiana facility as an unpaid ophthalmology resident for a period of two months "under the authority of 38 United States Code 7405(a)(1)." [rec. doc. 3, Exhibit B]. This statute provides, in pertinent part, as follows:

> (a) The Secretary, upon the recommendation of the Under Secretary for Health, may **employ**, without regard to civil service or classification laws, rules, or regulations, personnel as follows:
>
> (1) On a temporary full-time basis, part-time basis, or without compensation basis, persons in the following positions:
>
> \*     \*     \*
>
> (D) Other professional, clerical, technical, and unskilled personnel (**including** interns, **residents**, trainees, and students in medical support programs).

(emphasis added).  38 U.S.C.A. § 7405.

As supported by the VA's letter, Dr. Salem was employed as a resident for the Alexandria facility on a temporary basis without compensation. This clearly falls within the authority § 7405. Thus, Dr. Salem is an employee within the meaning of the FTCA.

Dural argues that she should be allowed discovery of facts related to employment status, because Dr. Salem might be considered an independent contractor, as occurred in *Peacock*, *supra*. There, Peacock underwent a cardiology procedure at the Dallas VA by Dr. Warner, a staff cardiologist. Shortly afterwards, Peacock had a heart attack and suffered from severe congestive heart failure. After pursuing an administrative claim with the VA, Peacock filed suit against the United States under the FTCA, alleging that Dr. Warner, an employee of the Dallas VA, breached the standard of care and caused his injuries. In answer to Peacock's complaint, the Government admitted that Dr. Warner was a federal employee at the time of Peacock's injury. The Government continued to assert that Dr. Warner was an employee of the Dallas VA in its response to Peacock's interrogatories, and stipulated in the pretrial order that the physicians, nurses and staff who provided Peacock treatment at the Dallas VA were all employees.

Less than a week before the trial was to begin, the Government discovered that Dr. Warner was not a federal employee, but an employee of the University of Texas Southwestern Medical Center ("UTSWMC"), and merely worked at the Dallas VA pursuant to a contract between UTSWMC and the VA. The Government filed a motion to dismiss the claims against Dr. Warner for lack of subject matter jurisdiction, arguing that Dr. Warner's status as an independent contractor precluded suit under the FTCA. The district court denied the motion without prejudice and ordered 60 days of discovery regarding this issue. During this period, Peacock filed a motion for sanctions against the Government, arguing that due to his reliance on the Government's misrepresentations regarding Dr. Warner's employment status, he lost significant time and money in pursuing his claim. At the end of the discovery period, the Government re-urged its motion to dismiss the claims against Dr. Warner for lack of subject matter jurisdiction. The district court granted both this motion and Peacock's motion for sanctions.

On appeal, the Fifth Circuit considered the question of whether an individual is an employee of the Government for purposes of the FTCA. *Id*., 597 F.3d at 659. The Court noted that the key inquiry "in determining whether an individual is an employee of the government or an independent contractor is the power of the federal government to control the detailed physical performance of the individual." *Id*. at 659 (*citing Linkous v. United States*, 142 F.3d 271, 275 (5th Cir. 1998)). In Linkous, *id*. at 276, Fifth Circuit listed additional factors, drawn from the Restatement (Second) of Agency § 220, as relevant to this determination:

> (a) the extent of control which, by the agreement, the master may exercise over the details of the work;
>
> (b) whether or not the one employed is engaged in a distinct occupation or business;
>
> (c) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision;
>
> (d) the skill required in the particular occupation;

(e) whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work;

(f) the length of time for which the person is employed;

(g) the method of payment, whether by the time or by the job;

(h) whether or not the work is a part of the regular business of the employer;

(i) whether or not the parties believe they are creating the relation of master and servant; and

(j) whether the principal is or is not in business.

After considering these factors, the Court concluded that Dr. Warner was an independent contractor of the Dallas VA rather than an employee, because "the power of the federal government to control [Dr. Warner's] detailed physical performance" at the Dallas VA was not sufficient to establish an employee relationship. *Id.* (*citing Linkous*, 142 F.3d at 275). The Fifth Circuit found that because consent to be sued under the FTCA does not extend to independent contractors, the district court correctly dismissed Peacock's FTCA action against Dr. Warner for lack of subject matter jurisdiction. *Id*. at 660.

Here, the USA asserts that a *Peacock* situation does not exist in this case, because it provided the letter from the VA confirming that Dr. Salem was assigned to the VA's Alexandria, Louisiana facility as an unpaid ophthalmology resident for a period of two months "under the authority of 38 United States Code 7405(a)(1)." [rec. doc. 3, Exhibit B]. Under that statute, he qualifies as a federal employee. Accordingly, the undersigned finds that Dr. Salem not a proper party under the FTCA.

### IV. Conclusion

Based on the foregoing reasons, the undersigned recommends that the Motion to Dismiss filed the United States of America [rec. doc. 3] be **GRANTED**, and that the claims filed by plaintiff against Dr. Candace Collins and Dr. Andrew Salem be **DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.Civ.Proc.72(b), parties aggrieved by

this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS REFLECTED IN THIS REPORT AND RECOMMENDATION WITHIN FOURTEEN (14) DAYS FOLLOWING THE DATE OF ITS SERVICE, OR WITHIN THE TIME FRAME AUTHORIZED BY FED.R.CIV.P. 6(b), SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING THE FACTUAL FINDINGS OR THE LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT, EXCEPT UPON GROUNDS OF PLAIN ERROR.** *DOUGLASS V. UNITED SERVICES AUTOMOBILE ASSOCIATION*, 79 F.3D 1415 (5TH CIR. 1996).

Signed this 21st day of October, 2016, at Lafayette, Louisiana.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE